**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

––––––––––––––––

No. 00-31203

(Summary Calendar)

––––––––––––––––

DONNY R. ROGERS,

Plaintiff - Appellant,

versus

ELMER LITCHFIELD; CITY PARISH OF EAST BATON ROUGE,

Defendants - Appellees.

––––––––––––––––––––––––––––––––––––––––––

Appeal from the United States District Court
For the Middle District of Louisiana
USDC No. 97-CV-755-B

––––––––––––––––––––––––––––––––––––––––––

November 19, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Donny R. Rogers ("Rogers") appeals the district court's grant of a motion for judgment as

a matter of law on partial findings under Fed. R. Civ. Pro. 52(c). Rogers has failed to show that the

district court erred as a matter of law by finding the evidence presented by Rogers insufficient to

––––––––––––––––

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

support his claim. We therefore affirm.

Rogers left his employment with the East Baton Rouge Sheriff's Department in 1987 to reenlist in the United States Army for a four-year term. In 1989, Rogers executed a second reenlistment document extending his term for an additional six years. In March 1995, Rogers was honorably discharged from the Army. While his discharge was being processed, Rogers applied for reemployment with the Sheriff's Department. His application was denied.

Rogers sued Sheriff Elmer B. Litchfield (the "Sheriff") and the City Parish of East Baton Rouge ("City Parish") under the Uniform Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4301 et seq. seeking reemployment and damages. The district court ordered a plenary hearing held before a magistrate judge. At the conclusion of Rogers's evidence, the Sheriff moved for judgment as a matter of law on partial findings under Fed. R. Civ. Pro. 52(c) on the ground that Rogers failed to satisfy USERRA's requirements for reemployment rights. The magistrate judge issued a report and recommendation granting the Sheriff's Rule 52(c) motion and dismissing Rogers's claims against both the Sheriff and City Parish.[1] The district court adopted this report and entered final judgment.

Rule 52(c) authorizes the district court during a trial without a jury to enter judgment "at any time it can appropriately make a dispositive finding of fact on the evidence." Fed. R. Civ. Pro. 52(c) advisory committee notes. We review findings of fact made pursuant to a Rule 52(c) judgment for clear error. *Southern Travel Club v. Carnival Air Lines, Inc.*, 986 F.2d 125, 128 (5th Cir. 1993). Rogers, however, does not dispute the magistrate judge's findings of fact. Instead, he argues that

---

[1] The magistrate judge also concluded that City Parish was not Rogers's "employer" as defined by USERRA. Because we believe Rogers did not qualify for USERRA reemployment rights, we need not reach this issue now.

-2-

he presented evidence that, as a matter of law, was sufficient to meet his burden under USERRA. We review conclusions of law de novo. *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 633 (5th Cir. 2001).

Reemployment rights under USERRA are available for any person whose absence from a position of employment is necessitated by reason of service in the uniformed services if they meet the three criteria of § 4312(a):

> (1) the person (or an appropriate officer of the uniformed service in which such service is performed) has given advance written or verbal notice of such service to such person's employer;
>
> (2) the cumulative length of the absence and of all previous absences from a position of employment with that employer by reason of service in the uniformed services does not exceed five years; and
>
> (3) except as provided in subsection (f), the person reports to, or submits an application for reemployment to, such employer in accordance with the provisions of subsection (e).

38 U.S.C. § 4312(a). When calculating the length of absence under (2), absences shall not include periods "during which such person was unable to obtain orders releasing such person from a period of service in the uniformed service before the expiration of such five-year period and such inability was through no fault of such person." § 4312(c)(2). There is no question that Rogers satisfied (1) and (3).

The issue in this case is whether Rogers met (2). In total, Rogers's absence from employment with the Sheriff's Department exceeded seven years. As a result, he can only satisfy § 4312(a)(2) if his period of absence qualifies for a sufficient reduction under § 4312(c)(2). Rogers contends that the evidence he presented before the magistrate judge demonstrated that his total absence should have been reduced by three years and twenty-eight days at a minimum.

At the plenary hearing, the magistrate judge considered two Army memos stating the dates between which the stop-loss would be in effect, deposition testimony of Rogers's commanding officer, Captain Willingham, on his recollection of the duration of the stop-loss, and Rogers's own impressions of when he could and could not seek release. The magistrate judge concluded that only the Army memos could be credited. The vague recollections of Captain Willingham and Rogers's understanding of verbal communications of stop-loss orders could not override the Army orders. Finding Rogers at most could have been prevented from requesting early release for 311 days, the magistrate judge determined his length of absence from employment still to exceed five years.[2]

Rogers argues now that the magistrate judge erred as a matter of law by only counting the period during which the court found an official stop-loss to be in effect. He contends that his testimony of his impressions and those of his commanding officer are sufficient to establish a period during which, through no fault of his own, he was unable to seek early release under § 4312(c)(2). He implies that the magistrate judge's finding that no official barrier prevented him from seeking release is of no consequence because his perception of a stop-loss created by verbal communications of his commanding officer and the circumstances of his assignment suffice for § 4312(c)(2). We find this argument to be without merit.

We generally read statutes according to their plain language. *Greyhound Corp. v. Mt. Hood Stages, Inc.*, 437 U.S. 322, 330 (1978) ("[T]he starting point in every case involving construction of a statute is the language itself." (internal quotations and citation omitted)). In determining the clear

_____

[2]The Sheriff argues that the magistrate judge should not have considered even the official stop-loss period in calculating Rogers's length of absence from employment. The stop-loss, the Sheriff argues, only applied to members of the Army whose commitments would otherwise end while it was in effect. We need not address this argument here because we find Rogers's claim to fail either way.

or plain meaning of a statute, "we look not only to the particular statutory language, but to the design of the statute as a whole and to its object and policy." *Crandon v. United States*, 494 U.S. 152, 158 (1990); *see also King v. St. Vincent's Hosp.,* 502 U.S. 215, 221 (1991) ("[A] statute is to be read as a whole, . . . since the meaning of statutory language, plain or not, depends on context." (internal citation omitted)).

In this case, the plain language cannot support Rogers's reading of the statute. The statute limits the periods of service excluded under § 4312(c)(2) to periods during which persons are "unable to obtain orders of release" and not when they subjectively believe they are unable. While interpreting the Veterans' Reemployment Rights Act (VRRA), the statutory predecessor of USERRA, we noted the balance struck by Congress between protecting veterans' ability to return to their former jobs after service and addressing employers' concerns about reemployment rights of indefinite duration. *Sykes v. Columbus & Greenville Ry.*, 117 F.3d 287, 291 (5th Cir. 1997). If we were to adopt the strained reading of § 4312(c)(2) endorsed by Rogers, we would disrupt this delicate balance.

Rogers defends his reading of § 4312(c)(2) on the ground that we should construe USERRA liberally in favor of veterans. He relies on our decision in *Sykes v. Columbus & Greenville Railway*, to support this view. *Id.* In that case, we stated that to the extent VRRA's provisions were "capable of multiple interpretations, . . . ambiguities should be resolved in [the veteran'] favor." *Id.* at 294. *Sykes*, however, is distinguishable from the case before us now. In *Sykes*, the issue was whether preemployment military service should be counted toward the four-year service limitation for eligibility under VRRA. There we faced an extremely rare situation where the plain language of the provision at issue would lead to an absurd result. *See id.* at 291 (the result would be "simply incompatible with the obvious and patent purpose of the VRRA to confer quite broad reemployment

rights to veterans . . . subject only to a limited restriction regarding post-employment service"). We do not face such a situation here.

Because we find dismissal proper, we need not reach Rogers's appeal of evidentiary rulings.

For the foregoing reasons, the district court's grant of a motion for judgment as a matter of law on partial findings under Fed. R. Civ. Pro. 52(c) is AFFIRMED.